EXHIBIT A



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
February 1, 2021 05:00 PM
     AFTAB PUREVAL
     Clerk of Courts
  Hamilton County, Ohio
CONFIRMATION 1029891
```

**GEORGE FISCHER**                    A 2100394

**vs.**

**THE KROGER CO DBA**
**DELIGHT PRODUCTS CO**

## FILING TYPE:  INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND

## PAGES FILED: 16



VERIFY RECORD

EFR200

EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

GEORGE FISCHER                              )        CASE NO.
6168 Highway 49E                            )
Springfield, TN 37172                       )
                        Plaintiff,          )        JUDGE:
                                            )
                                            )
            v.                              )
                                            )
THE KROGER CO.                              )
d/b/a DELIGHT PRODUCTS CO.                  )
1014 Vine St.                               )
Cincinnati, OH 45202-1100                   )        **COMPLAINT FOR DAMAGES**
                                            )        **AND INJUNCTIVE RELIEF**
    **Serve Also:**                         )
    The Kroger Co.                          )        **JURY DEMAND ENDORSED**
    d/b/a Delight Products Co.              )        **HEREIN**
    c/o Corp. Service Co. (Stat. Agent)     )
    50 West Broad Street, Suite 1330        )
    Columbus, OH 43215                      )
                                            )
    -and-                                   )
                                            )
    The Kroger Co.                          )
    d/b/a Delight Products Co.              )
    1200 Industrial Dr.                     )
    Springfield, TN 37172                   )
                                            )
                        Defendant.          )
                                            )

Plaintiff GEORGE FISCHER by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES, JURISDICTION, & VENUE

1. Fischer is a resident of the city of Springfield, Robertson County, state of Tennessee.

2. Defendant THE KROGER CO. d/b/a DELIGHT PRODUCTS CO. ("Delight") is an Ohio company that conducts business within the state of Ohio, Tennessee, and others. The

EXHIBIT A

relevant location of the events and omissions of this Complaint took place was at Delight's location at 1200 Industrial Dr., Springfield, TN 37172.

3. Delight is, and was at all times hereinafter mentioned, Fischer's employer within the meaning of Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq., R.C. § 4113 et seq., R.C. § 4101 et seq., and R.C. § 4112.01(A)(2).

4. Therefore, personal jurisdiction is proper over Defendant pursuant to Ohio Revised Code §2307.382(A)(1), (2), and/or (3).

5. Venue is proper pursuant to Civ. R. 3(B)(1), and/or (2).

6. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

7. Fischer is a former employee of Defendant.

8. At all times noted herein, Fischer was qualified for his position with Defendant and could fully perform the essential functions of his job, with or without a reasonable accommodation.

9. Fischer worked for Delight as a maintenance engineer from November 7, 2017 until Delight terminated Fischer's employment on or about August 10, 2020.

10. Fischer is age 64 and has had heavy asbestos exposure in the past (an issue for his respiratory system) and a torn rotator cuff. He is currently receiving treatment for these issues and is thus in protected classes for age and disability.

11. Notably, to Fischer's knowledge, he was one of only around three employees at Delight at his age or older – he was thus substantially older than the relevant people named herein.

EXHIBIT A

12. Fischer initially came to his position at Delight through an interview invitation after an initial phone call with Ken Holdener (Plant Engineer, early/mid 50s).

13. Even in the very first onsite interview with Holdener and Bill Brooks (maintenance lead, late 50s), Fischer faced discrimination based on his age.

14. Holdener specifically asked how many years the company could get from Fischer because he was so close to retirement age.

15. Fischer said he had at least another five years before he planned on retiring (though he did plan on retiring from Delight, if he got the job). The five-year timeline was a recurring discriminatory reference Holdener made throughout the rest of Fischer's employment.

16. The remainder of this on-site interview was almost entirely about Fischer's employment plans pre-retirement.

17. During this same on-site visit, Fischer was interviewed by Doug Whipple (production manager, mid-50s) and Tim Merryman (site lead, late 50s).

18. Fischer then had additional phone interviews with Peter Nytomt (regional director of engineering, late 50s) and Tom Kolkmeier (Corporate engineering director, late 50s), which were generally positive.

19. While the interviews generally went well (excluding the immediate age discrimination he faced from Holdener), per Kroger policy, Fischer had to get his G.E.D. before Sandy White (then Sandy Fields, HR, early 50s) could let him start with Delight.

20. Fischer got his G.E.D. shortly after White asked him to, then he began with Delight.

21. Holdener continued to be a problem for Fischer throughout his employment.

22. Holdener repeated the five-year timeline comments on numerous different occasions and felt he could not mold Fischer into the subordinate he wanted, upon information and belief.

3

EXHIBIT A

23. Despite Holdener's consistent direct discrimination, Fischer performed his job well and had no issues with attendance.

24. Additionally, throughout Fischer's employment, he repeatedly made complaints about product and workplace safety issues.

25. For instance, Fischer reported multiple machines that were missing bolts and other fasteners to keep them together, metal dust issues throughout the plant, and how associates would mix trash in the bins that contained products to be reclaimed and would eventually be ground up and end up in the final packaged products or fed to other animals.

26. While Delight's product was primarily pet food, Fischer was still concerned about failures to meet FDA and OSHA requirements.

27. Fischer reported these issues both verbally and in writing (as well as by pictures) to multiple different people through his tenure.

28. This included, but was not limited to, Jeff Schoenbach (sanitation lead/quality assurance, late 40s), Holdener, and other sanitation workers. These were protected whistleblower and workplace safety complaints.

29. In or around late February/early March 2020, while examining and repairing some failed machine components, Fischer fell and broke his wrist. He got up quickly and completed his task.

30. The incident was witnessed by another employee and Fischer told him he would need to file an incident report.

31. Fischer spoke with Holdener, then wrote out and filed his incident report.

32. Dave Baily (Safety, mid 50s) received the reports in his box and spoke to Fischer later. This constituted Delight's notice of a potential Worker's Compensation claim for Fischer.

4

EXHIBIT A

33. Because Delight was going for an Iceberg Award (which is granted after a certain number of days without injury-incidents), Fischer kept the situation otherwise quiet and told his doctor that he had broken it at home. Delight ended up receiving the award despite the incident.

34. In or around March 2020, the COVID-19 pandemic hit the United States.

35. Due to his asbestos exposure in the 1970's and 1980's, respiratory problems and coronary disease, Fischer was at extreme risk to the pandemic and is disabled.

36. Even further, Fischer's wife also has a heart condition, placing her at greater risk as well. This also placed Fischer in a protected class for disability by association.

37. Unsurprisingly, this caused Fischer to be concerned for his and his wife's safety were he to continue coming into work.

38. Fischer noted his concerns to Delight and said that he wanted to wear a mask when he came into work – this was a request to engage in the interactive process of finding him a reasonable accommodation for his disability and notice to Delight of his protected class.

39. Delight, however, refused to accommodate Fischer and told him he was not allowed to wear a mask at work.

40. Around the same time, Fischer learned of two nearby coworkers who had exposure to and/or tested positive for the coronavirus, so he told Delight he would not be able to come into work until he was allowed to wear a mask.

41. HR told Fischer to get a doctor's note and to take vacation until he began any official COVID-related leave.

5

EXHIBIT A

42. Fischer first took vacation, then unpaid leave, then paid leave and returned in or around mid-May 2020. Delight then began allowing its employees to wear masks after his went on leave.

43. On or about May 29, 2020, Fischer received a performance evaluation noting no major substantiated issues, though shortly after, Holdener attempted to place him on a Performance Improvement Plan anyway. This was an adverse action in retaliation against Fischer.

44. In or around June 2020, Jennifer Bell (HR manager, late 30s/early 40s) resigned without notice.

45. From this point until the end of his employment, Fischer was without local HR management. This prevented him from making several confidential complaints of discrimination in the workplace to HR.

46. Around the same time, Kroger Corporate created and distributed literature in support of the Black Lives Matter movement.

47. Fischer thought this had no business being presented in the workplace and complained to Holdener that he felt it discriminatory against Caucasian employees. This was a protected complaint of discrimination, but the complaint went nowhere.

48. In or around July/August 2020, Fischer requested FMLA leave for familial health issues.

49. Fischer's request was denied purportedly as the family was not immediate enough to Fischer. This constituted interference with his FMLA rights as the denial was wrongful.

50. On or about August 10, 2020, Fischer's employment was terminated.

51. Holdener told him that he was not a "good cultural fit" with the company and that the site was "different" when he was not at work.

EXHIBIT A

52. Defendant's termination of Fischer was an adverse employment action against him.

53. Defendant's purported reason(s) for Fischer's termination was pretextual.

54. Defendant actually terminated Fischer's employment discriminatorily against his age, his disabilities, to interfere with his FMLA rights, in retaliation against his workplace safety complaints, to prevent a worker's compensation claim, and/or in retaliation against his protected complaints.

55. As a result of the above, Fischer has suffered damages.

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq.*

56. Fischer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. Fischer is 64 years old, and thus is in a protected class for his age.

58. R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

59. Defendant treated Fischer differently than other similarly situated employees based upon his age.

60. Defendant's termination of Fischer was an adverse employment action against him.

61. Defendant's purported reason(s) for Fischer's termination was pretextual.

62. Defendant actually terminated Fischer's employment due to his age.

63. Defendant violated R.C. § 4112 *et seq.* by terminating Fischer because of his age.

64. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Fischer differently from other similarly situated employees outside his protected class.

65. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Fischer's age.

EXHIBIT A

66. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Fischer's age.

67. Fischer incurred emotional distress damages as a result of Defendant's conduct described herein.

68. As a direct and proximate result of Defendant's acts and omissions, Fischer has suffered and will continue to suffer damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112, *et seq.*

69. Fischer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. Fischer is in a protected class for his and his family's disabilities (described *supra*).

71. R.C. § 4112 *et seq*. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities.

72. Defendant treated Fischer differently than other similarly situated employees based upon his disability.

73. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Fischer differently from other similarly situated employees outside his protected class.

74. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Fischer's disability.

75. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Fischer's disability.

76. Fischer incurred emotional distress damages as a result of Defendant's conduct described herein.

EXHIBIT A

77. As a direct and proximate result of Defendant's acts and omissions, Fischer has suffered and will continue to suffer damages.

## COUNT III: RETALIATION

78. Fischer restates each and every prior paragraph of this complaint, as if it were fully restated herein.

79. As a result of the Defendant's discriminatory conduct described above, Fischer complained of the discrimination, harassment, and disparate treatment he was experiencing.

80. Subsequent to Fischer's complaints to management about harassment, bullying, and disparate treatment toward him, Defendant took adverse employment actions against Fischer, including, but not limited to, terminating his employment.

81. Defendant's actions were retaliatory in nature based on Fischer's opposition to the unlawful discriminatory conduct.

82. Pursuant to R.C. § 4112 *et seq*., it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

83. As a direct and proximate result of Defendant's retaliatory discrimination against and discharge of Fischer, he has suffered and will continue to suffer damages.

## COUNT IV:  UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

84. Fischer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

86. Defendant is a covered employer under the FMLA.

EXHIBIT A

87. Fischer was an employee eligible for FMLA due to his and his family's severe health conditions (described *supra*) and his tenure of employment.

88. During his employment, Fischer qualified for and inquired about FMLA leave due to his and his family's serious health conditions.

89. During his employment with Defendant, Fischer was unable to receive FMLA benefits.

90. Defendant unlawfully interfered with Fischer's exercise of his rights under the FMLA in violation of § 105 of the FMLA and § 825.220 of the FMLA regulations.

91. Defendant's refusal to provide Fischer with information pertaining to FMLA leave and/or permit Fischer to take FMLA leave violated and interfered with his FMLA rights.

92. As a direct and proximate result of Defendant's conduct, Fischer suffered and will continue to suffer damages.

93. As a direct and proximate result of Defendant's conduct, Fischer is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

**COUNT V: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

94. Fischer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. A clear public policy exists and is manifested in Ohio and federal statutes, including Governor DeWine's Stay-At-Home Order, the FFCRA, R.C. § 4101.11 and/or § 4101.12, and/or administrative regulations, or in the common law, in favor of providing workers with a healthy and safe work environment, and against terminating an employee based on complaints of unsafe working conditions caused by the COVID-19 pandemic and/or other causes.

10

EXHIBIT A

96. Fischer repeatedly made reports to Defendant about the unethical, unlawful, and/or policy-violating behavior that was going on there, including, but not limited to, unsafe working conditions caused by unsafe working conditions related to the coronavirus pandemic and other things.

97. Defendant's termination of Fischer's employment jeopardizes these public policies by undermining the authority of Gubernatorial orders, federal relief policies, and state statutes.

98. Defendant's termination of Fischer's employment was motivated by Fischer's conduct related to these public policies when he refused to return to work without a negative test because of the risk of being caught in violation of the order and of the risk to his and the public's health.

99. Defendant's purported reason for Fischer's termination was pretextual.

100. Defendant actually terminated Fischer's employment to prevent an FFCRA claim.

101. Defendant's termination of Fischer jeopardizes these public policies.

102. Defendant's termination of Fischer was motivated by conduct related to these public policies.

103. Defendant had no overriding business justification for terminating Fischer.

104. As a direct and proximate result of Defendant's conduct, Fischer has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VI: VIOLATION OF OHIO WHISTLEBLOWER STATUTE R.C. § 4113.52

105. Fischer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

11

EXHIBIT A

106.      As set forth above, Fischer repeatedly made oral and written reports to Defendant about unethical, unlawful, and/or policy-violating behavior.

107.      Fischer repeatedly and consistently reported to Defendant what he reasonably believed to be unethical and/or illegal conduct in the workplace in violation of the law and company policies.

108.      In the alternative, Fischer reasonably believed he was reporting unethical and/or illegal behavior, in violation of the law and company policies, that constituted criminal acts that threatened the public's health or safety.

109.      Delight terminated Fischer's employment.

110.      Defendant's purported reason for Fischer's termination was pretext.

111.      Defendant retaliated against Fischer by terminating his employment based on his complaints regarding this conduct.

112.      Defendant's termination of Fischer's employment was in violation of R.C. § 4113.52.

113.      As a direct and proximate result of Defendant's conduct, Fischer suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VII: WRONGFUL TERMINATION AGAINST PUBLIC POLICY

114.      Fischer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

115.      A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating an employee to avoid a Workers' Compensation claim.

12

EXHIBIT A

116.    A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he/she engages in protected activity under Ohio law.

117.    Specifically, in *Sutton v. Tomco Machine*, the Ohio Supreme Court noted "we recognize a common-law tort claim for wrongful discharge in violation of public policy when an injured employee suffers retaliatory employment action after an injury but before he or he files, institutes, or pursues a workers' compensation claim." (*Sutton v. Tomco Machine*, 129 Ohio. St. 3d 153, 163 (2011)).

118.    Defendant terminated Fischer's employment.

119.    Defendant's purported reason for Fischer's termination was pretextual.

120.    Defendant actually terminated Fischer's employment to prevent a Worker's Compensation claim.

121.    Defendant's termination of Fischer jeopardizes these public policies.

122.    Defendant's termination of Fischer was motivated by conduct related to these public policies.

123.    Defendant had no overriding business justification for terminating Fischer.

124.    As a direct and proximate result of Defendant's conduct, Fischer has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Fischer demands from Defendant the following:

a) Issue a permanent injunction:

      i.    Requiring Defendant to abolish discrimination, harassment, and retaliation;

13

EXHIBIT A

      ii.    Requiring allocation of significant funding and trained staff to implement all changes within two years;

      iii.    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

      iv.    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge his personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Fischer for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Fischer's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

14

EXHIBIT A

Respectfully submitted,


   /s/ Matthew Bruce    
Matthew G. Bruce (0083769)
       Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH  45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email:  Matthew.Bruce@SpitzLawFirm.com
Email:  Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff George Fischer*

EXHIBIT A

## **JURY DEMAND**

Plaintiff George Fischer demands a trial by jury by the maximum number of jurors permitted.


    /s/ Matthew Bruce
Matthew G. Bruce (0083769)

16

EXHIBIT A



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
February 1, 2021 05:00 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1029891

**GEORGE FISCHER**                    A 2100394

vs.

**THE KROGER CO DBA
DELIGHT PRODUCTS CO**

## FILING TYPE:  CLASSIFICATION
## PAGES FILED: 1

EFR200

EXHIBIT A



| COURT OF COMMON PLEAS HAMILTON COUNTY, OHIO | CLASSIFICATION FORM WWW.COURTCLERK.ORG | AFTAB PUREVAL CLERK OF COURTS |

CASE NUMBER:_____ PLAINTIFF: George Fischer _____

PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED

UNDER CASE NUMBER:_____BY JUDGE _____

## PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS (please only check one):

- [ ] Other Tort – C360
- [ ] Personal Injury – C310
- [ ] Wrongful Death – C320
- [ ] Vehicle Accident – C370

- [ ] Professional Tort – A300
- [ ] Personal Injury – A310
- [ ] Wrongful Death – A320
- [ ] Legal Malpractice – A330
- [ ] Medical Malpractice – A340

- [ ] Product Liability – B350
- [ ] Personal Injury – B310
- [ ] Wrongful Death – B320

- [ ] Worker's Compensation
- [ ] Non-Compliant Employer – D410
- [ ] Appeal – D420

- [ ] Administrative Appeals – F600
- [ ] Appeal Civil Service – F610
- [ ] Appeal Motor Vehicle – F620
- [ ] Appeal Unemployment – F630
- [ ] Appeal Liquor – F640
- [ ] Appeal Taxes – F650
- [ ] Appeal Zoning – F660

- [ ] Certificate of Qualification – H600

- [x] Other Civil – H700-34
- [ ] Appropriation – H710
- [ ] Accounting – H720
- [ ] Beyond Jurisdiction –730
- [ ] Breach of Contract – 740
- [ ] Cancel Land Contract – 750
- [ ] Change of Venue – H760
- [ ] Class Action – H770
- [ ] Convey Declared Void – H780
- [ ] Declaratory Judgment – H790
- [ ] Discharge Mechanics Lien – H800
- [ ] Dissolve Partnership – H810
- [ ] CONSUMER SALES ACT (1345 ORC) – H820
- [ ] Check here if relief includes declaratory judgment, injunction or class action recovery – H825
- [ ] Habeas Corpus – H830
- [ ] Injunction – H840
- [ ] Mandamus – H850
- [ ] On Account – H860
- [ ] Partition – H870
- [ ] Quiet Title – H880
- [ ] Replevin – H890
- [ ] Sale of Real Estate – H900
- [ ] Specific Performance – 910
- [ ] Restraining Order – H920
- [ ] Testimony – H930-21
- [ ] Environmental – H940
- [ ] Cognovit – H950
- [ ] Menacing by Stalking – H960
- [ ] ] Repo Title – Transfer of Title Only – 970
- [ ] ] Repo Title – With Money Claim – H980
- [ ] Injunction Sexual Predator – 990
- [ ] SB 10 – Termination – H690
- [ ] SB 10 – Reclassification – H697

DATE: 02/01/2021

ATTORNEY (PRINT): Matthew G. Bruce, Esq.

OHIO SUPREME COURT NUMBER: 0083769

Revised 01/02/2017

EXHIBIT A



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
February 1, 2021 05:00 PM
     AFTAB PUREVAL
    Clerk of Courts
  Hamilton County, Ohio
 CONFIRMATION 1029891
```

**GEORGE FISCHER**                    A 2100394

vs.

**THE KROGER CO DBA
DELIGHT PRODUCTS CO**

## FILING TYPE: WRITTEN REQUEST FOR SERVICE (CERTIFIED MAIL)

## PAGES FILED: 1

EFR200

EXHIBIT A



**COMMON PLEAS COURT**
**HAMILTON COUNTY, OHIO**

George Fischer
_____

_____     CASE NO. _____

VS
DOCUMENT TO BE SERVED & ITS FILED DATE

The Kroger Co.     Complaint 2.1.21
_____

d/b/a Delight Products Co.     _____

_____

**PLAINTIFF/DEFENDANT   REQUESTS:**

☑ CERTIFIED MAIL SERVICE          ☐ EXPRESS MAIL SERVICE

☐ PERSONAL SERVICE                ☐ REGULAR MAIL SERVICE

☐ PROCESS SERVICE                 ☐ RESIDENCE SERVICE

☐ REGISTERED INTERNATIONAL        ☐ FOREIGN SHERIFF

**ON:**

1) The Kroger Co.                3) The Kroger Co.

d/b/a Delight Products Co.       d/b/a Delight Products Co.

1014 Vine St.                    1200 Industrial Dr.

Cincinnati, OH 45202-1100        Springfield, TN 37172

2) The Kroger Co.                4) _____

c/o Corp. Service Co. (Stat. Agent)    _____

50 West Broad Street, Suite 1330       _____

Columbus, OH 43215               _____

Matthew G. Bruce, Esq.           216-291-4744
_____

**ATTORNEY**                     **PHONE NUMBER**

11260 Chester Road, Suite 825 Cincinnati, OH 45246    0083769
_____

**ADDRESS**                      **ATTORNEY NUMBER**

Revised 9-18-18

EXHIBIT A

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

GEORGE FISCHER
**PLAINTIFF**

-- vs --

THE KROGER CO DBA DELIGHT PROD
**DEFENDANT**

Use below number on
all future pleadings

No.  A 2100394
SUMMONS

THE KROGER CO DBA DELIGHT PRODUCTS CO
1200 INDUSTRIAL DR                         D - 1
SPRINGFIELD TN 37172

You are notified
that you have been named Defendant(s) in a complaint filed by

GEORGE FISCHER
6168 HIGHWAY 49E
SPRINGFIELD TN 37172

Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,**
**CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.

Name and Address of attorney          AFTAB PUREVAL
MATTHEW G BRUCE                       Clerk, Court of Common Pleas
11260 CHESTER ROAD                      Hamilton County, Ohio
SUITE 825
CINCINNATI       OH       45246
                                      By  RICK HOFMANN
                                                        Deputy

                                      Date:   February 3, 2021

D130963711

VERIFY RECORD

EXHIBIT A

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

<u>GEORGE FISCHER</u>
    **PLAINTIFF**

           Use below number on
           all future pleadings

    -- vs --

           No.  A 2100394
               SUMMONS

<u>THE KROGER CO DBA DELIGHT PROD</u>
    **DEFENDANT**

    THE KROGER CO DBA DELIGHT PRODUCTS CO
    1014 VINE STREET                 D - 1
    CINCINNATI OH 45202

You are notified
that you have been named Defendant(s) in a complaint filed by

    GEORGE FISCHER
    6168 HIGHWAY 49E
    SPRINGFIELD TN 37172

                    Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.

Name and Address of attorney        AFTAB PUREVAL
MATTHEW G BRUCE             Clerk, Court of Common Pleas
11260 CHESTER ROAD          Hamilton County, Ohio
SUITE 825
CINCINNATI      OH     45246

                By  <u>RICK HOFMANN</u>
                          Deputy

                Date:   February 3, 2021

D130963700



VERIFY RECORD

EXHIBIT A

```
                   COURT OF COMMON PLEAS
                   HAMILTON COUNTY, OHIO




GEORGE FISCHER
    PLAINTIFF

                                          Use below number on
                                          all future pleadings
       -- vs --
                                   No.  A 2100394
                                         SUMMONS
THE KROGER CO DBA DELIGHT PROD
    DEFENDANT


       THE KROGER CO DBA DELIGHT PRODUCTS CO
       CO CORP SERVIC CO STAT AGENT           D - 1
       50 WEST BROAD ST STE 1330
       COLUMBUS OH 43215




You are notified
that you have been named Defendant(s) in a complaint filed by

       GEORGE FISCHER
       6168 HIGHWAY 49E
       SPRINGFIELD TN 37172

                                                    Plaintiff(s)
in the Hamilton County, COMMON PLEAS CIVIL Division,
AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.


Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.


If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.



Name and Address of attorney        AFTAB PUREVAL
MATTHEW G BRUCE                     Clerk, Court of Common Pleas
11260 CHESTER ROAD                    Hamilton County, Ohio
SUITE 825
CINCINNATI       OH      45246
                                    By  RICK HOFMANN
                                                    Deputy


                                    Date:   February 3, 2021
```

D130963812



VERIFY RECORD

Date Produced: 02/15/2021

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0934 3932. Our records indicate that this item was delivered on 02/08/2021 at 09:46 a.m. in SPRINGFIELD, TN 37172. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        16081721SEQ1

Case: 1:21-cv-00183-SJD-SKB Doc #: 1-1 Filed: 03/05/21 ... ELECTRONICALLY FILED 02/08/2021 SERVED RETURN

ELECTRONICALLY FILED CERTIFIED MAIL        EXHIBIT A
SUMMONS & COMPLAINT
A 2100394    D1
THE KROGER CO DBA DELIGHT PRODUCTS CO
FILED: 02/08/2021  6:58:32

# UNITED STATES POSTAL SERVICE

Date Produced: 02/08/2021

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0934 3949. Our records indicate that this item was delivered on 02/05/2021 at 10:55 a.m. in COLUMBUS, OH 43215. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        16081736SEQ1

EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

|                                                      |                              |
| ---------------------------------------------------- | ---------------------------- |
| GEORGE FISCHER,                                      | Case No. A 2100394           |
|                                                      | Judge Wende C. Cross         |
| Plaintiff,                                           |                              |
|                                                      |                              |
| vs.                                                  |                              |
|                                                      |                              |
| THE KROGER CO.                                       |                              |
| d/b/a Delight Products Co.,                          |                              |
|                                                      |                              |
| Defendant.                                           |                              |

## DEFENDANT'S NOTICE OF REMOVAL

Please take notice that Defendant The Kroger Co. has filed in the Office of the Clerk of the United States District Court for the Southern District of Ohio, a Notice of Removal of this case from the Hamilton County, Ohio Court of Common Pleas. A copy of the Notice of Removal is attached as Exhibit 1 and made a part hereof. Please take notice that pursuant to 28 U.S.C. §1446(d), this Court "shall proceed no further unless and until the case is remanded."

**Dated:** March 5, 2021

                Respectfully Submitted,

                /s/ Faith Whittaker
                Faith Whittaker (OH 82486)
                Jon Kelly (OH 95738)
                Dinsmore and Shohl, LLP
                255 E 5th St #1900
                Cincinnati, OH 45202
                T: (513) 977-8491
                F: (513) 977-8141
                E: faith.whittaker@dinsmore.com
                   Jon.kelly@dinsmore.com
                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021, I filed the foregoing Notice of Removal using the

Court's CM/ECF system, which will serve a copy upon all counsel of record:

                */s/ Faith Whittaker*
                Faith Whittaker